NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (CA Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-5421
    Facsimile:    (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE NANJING HANYOO AUTOMATIC CAPSULE FILLING MACHINE, MODEL NJP GL-18C,<br><br>    Defendant. | No. 2:20-cv-10188<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(9)<br><br>[D.E.A.] |

Plaintiff United States of America brings this claim against defendant One Nanjing Hanyoo Automatic Capsule Filling Machine, Model NJP GL-18C, and alleges as follows:

**JURISDICTION AND VENUE**

1. The government brings this <u>in rem</u> forfeiture action pursuant to 21 U.S.C. § 881(a)(9).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4. The plaintiff in this action is the United States of America.

5. The defendant is One Nanjing Hanyoo Automatic Capsule Filling Machine, Model NJP GL-18C (the "defendant machine"), seized at 1145 East 233rd Street, Carson, CA on December 16, 2019.

6. The defendant machine is currently in the custody of the United States Marshals Service ("USMS") in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Online Wholesale Orders, LLC ("OWO, LLC"), Nanjing Hanyoo Automation Tech Co., LTD ("Nanjing"), and Wholesale Kings LLC ("WK, LLC"), may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

8. On November 8, 2019, a U.S. Customs and Border Protection ("CBP") officer assigned to CBP's Advanced Targeting Unit was notified of an inbound container ship that had arrived at Long Beach/Los Angeles Seaport containing one automatic capsule filling machine/capsule polishing machine (<u>i.e.</u>, the defendant machine) and destined for delivery to OWO, LLC, Lmar Business Park, Suite #K117, 5555 North Lamar Boulevard, Austin, Texas 78751.

9. The defendant machine was sold by Nanjing, No. 380, Sanqlaogeng Yangjlang Town, Gaochun District, Nanjing, China, and the container was addressed to WK, LLC in Austin, Texas. The CBP officer

placed a hold on the container to verify that proper import documentation had been filed, and then forwarded the shipment information to a Drug Enforcement Administration ("DEA") Diversion Investigator ("DI").

10. On November 8, 2019, the DEA DI learned from the DEA's Office of Diversion Control, Synthetic Drugs and Chemicals that WK, LLC had failed to provide the notice of importation of the defendant machine to the DEA, in violation of 21 U.S.C. §§ 830(b)(1)(D), which requires reporting of "any regulated transaction in a tableting machine or an encapsulating machine," 842(a)(5), which makes it unlawful "to refuse or negligently fail to make, keep, or furnish any record, report, notification, declaration, order or order form, statement, invoice, or information required under this subchapter or subchapter II," and 842(a)(10) which makes it unlawful to negligently fail to make a report required by 21 U.S.C. § 830.

11. In addition, 21 C.F.R. § 1310.05(c)(1) provides, in relevant part:

> Each regulated person who imports or exports a tableting machine, or encapsulating machine, must file a report of such importation or exportation on DEA Form 452 with the [Drug Enforcement] Administration through the DEA Diversion Control Division secure network application, at least 15 calendar days before the anticipated arrival at the port of entry or port of export. In order to facilitate the importation or exportation of any tableting machine or encapsulating machine and implement the purpose of the Act, regulated persons may report to the Administration as far in advance as possible. A separate report (DEA Form 452) must be filed for each shipment, in accordance with § 1310.06(e). Upon receipt and review, the Administration will assign a completed report a transaction identification number. The report will not be deemed filed until a transaction identification number has been issued by the

    Administration. The importer or exporter may only proceed with the transaction once the transaction identification number has been issued.

12. On November 20, 2019, DIs visited the physical address listed for OWO, LLC, which was Lmar Business Park, Suite #K117, 5555 North Lamar Boulevard, Austin, Texas 78751, and determined the business located there to be Elite Medical Exercise ("EME").

13. DEA DIs spoke with EME's part owner who stated that EME did not order a capsule filling machine. EME's part owner also stated that EME had been located at 5555 North Lamar Boulevard, Suite #K117, Austin, Texas for over one and a half years, and that he/she did not know anything about OWO, LLC.

14. DEA DIs conducted an internet search and located a different address for OWO, LLC at 4505 Terry O Lane, Unit #102, Austin, Texas 78745. The search also yielded three U.S. shipments for OWO, LLC for a capsule counting machine on September, 18, 2018, 15ml glass bottle shrink wrap on August 18, 2018, and gelatin capsules on May 7, 2019.

## **CLAIM FOR RELIEF**

15. Based on the above, plaintiff alleges that the defendant machine was imported in violation of 21 U.S.C. §§ 830(b)(1)(D) (failure to report a regulated transaction in a tableting or encapsulating machine), 842(a)(5) (failure to make a report) and 842(a)(10)(negligently failing to make a report). The defendant machine is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(9).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant machine;

4

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant machine to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: November 5, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

  /s/ Brent A. Whittlesey
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**VERIFICATION**

I, Shannon G. Martin, hereby declare that:

1. I am a Diversion Investigator with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled <u>United States of America v. One Nanjing Hanyoo Automatic Capsule Filling Machine, Model NJP GL-18C</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Verified Complaint for Forfeiture is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 2, 2020 in Austin, Texas.

*Shannon Martin*
SHANNON G. MARTIN
Diversion Investigator
Drug Enforcement Administration